UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ANDREW D. WETZEL** | **CIVIL ACTION NO. 5:15-cv-0930** |
| **LA. DOC #539179** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN, DAVID WADE** | |
| **CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Andrew D. Wetzel, a prisoner in the custody of Louisiana's Department of Corrections, is incarcerated at the David Wade Corrections Center where he is serving the 35 year hard labor sentence imposed following his 2010 conviction for arson and his subsequent adjudication as a multiple offender. Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Middle District of Louisiana on March 24, 2015. The petition was then transferred to this Court on March 26, 2015.

Petitioner claims that he was charged with a violation of either Disciplinary Rule 15 or Disciplinary Rule 22 sometime in March 2013. He was charged with forging a signature on a Court document. He was found guilty of the offense at a prison disciplinary hearing on April 21, 2013 or sometime in September, and ordered to serve 90 days in lock-down.[1] According to plaintiff, the only evidence was the testimony of the investigating officer who testified that the signature in question "look[ed] like" the petitioner's handwriting. He claimed that he was also

---

[1] In his original petition he alleged that the disciplinary conviction occurred "on or about 9/2013..." and that the nature of the offense was a violation of "Rule 22, Theft..." [Doc. 1, ¶3]; in his amended complaint he alleged that the sentencing occurred on "4/21/2013..." and was for a violation of Rule 15. [Doc. 9, ¶2 -5].

denied the right to outside counsel. Petitioner's administrative appeals to the Warden and Secretary of the DOC were denied and his petitions for judicial review were rejected by the Nineteenth Judicial District Court, the First Circuit Court of Appeals, and the Louisiana Supreme Court. He argues that his case is properly filed as a habeas case because "he was sentence[d] to 90 days lock down and as a result his parole date was pushed back two years..." [Doc.1-1, ¶2][2]

*Law and Analysis*

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As noted in the Advisory Committee Notes, " ... under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)." As is shown hereinafter, petitioner's claims are subject to dismissal pursuant to Rule 4.

Petitioner seeks habeas corpus relief, not from the conviction and adjudication which resulted in his imprisonment, but rather from prison disciplinary proceedings which were convened during the course of his incarceration. The federal writ of habeas corpus is available

---

[2] Petitioner has been sanctioned-barred by the United States Fifth Circuit Court of Appeals for filing frivolous and repetitive challenges to his arson conviction, his habitual offender adjudication, and the sentence imposed thereon. *See Andrew Wetzel v. Robert Tanner*, No. 13-31061 and *In re: Andrew Wetzel*, No. 13-31101. He has also accumulated more than 3 strikes pursuant to 28 U.S.C. §1915(g) and is barred from proceeding in forma pauperis in a civil action or proceeding unless he is under imminent danger of serious physical injury. *See Andrew David Wetzel v. Robert C. Tanner, et al.*, Civil Action No. 2:12-cv-2882 (E.D.La. 12/12/2012) at Doc. 2. However, it does not appear that either sanction may be applied to the instant habeas petition.

only to prisoners who establish that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993).

Petitioner claims that he was wrongly found guilty of a prison disciplinary rule and was thereafter punished without being afforded adequate due process; more specifically, he claims that the evidence was insufficient to convict him, that he was denied his right to counsel at the hearing in question, and that as a consequence he was ordered to serve 90 days in lock-down, a sentence which he claims will push back his parole date by two years.

Petitioner's due process rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution which prohibits the deprivation of "life, liberty, or property, without due process of law." *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, inmates charged with prison disciplinary rules violations are entitled to due process only when the disciplinary sanction infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Petitioner implies that as a result of the disciplinary hearing, his parole date "was pushed back two years." However, [t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Therefore, petitioner's success herein depends upon the existence of a constitutionally protected liberty interest created by Louisiana law.

State-created interests which "inevitably affect the duration of [a prisoner's] sentence"

3

may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir.1995). However, Louisiana law has not created a liberty interest in parole that is protected by the Due Process clause. *See Stevenson v. Louisiana Bd. Of Parole*, 265 F.3d 1060 (5th Cir. 2001), citing *Sinclair v. Ward*, 205 F.3d 1338 (5th Cir. 1999) (the Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release.)

Petitioner has alleged in conclusory fashion that as a result of his prison disciplinary conviction, his parole date will be delayed by two years. He offers no factual or legal support for this claim. Indeed, petitioner's adjudication as an habitual offender makes him ineligible for parole. See La. R.S.15:574.4(b)(i). Further, such "speculative, collateral consequences" of prison decisions that may affect the timing of parole "do not create constitutionally protected liberty interests." See *Luken v. Scott*, 71 F.3d 192 at 193 (5th Cir. 1995) (stating that speculative, collateral consequences of prison administrative decisions such as the loss of the opportunity to earn good-time credits, which might lead to earlier parole, do not create constitutionally protected liberty interests).

Thus, to the extent that petitioner argues that his prison disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim for which habeas relief may be granted because there is no protected liberty interest in obtaining parole under either Louisiana law or the United States Constitution. *Greenholtz*, 442 U.S. at 7.

Further, the other sanction imposed – 90 day confinement in lock-down – does not implicate the Due Process Clause. Such sanctions, to the extent that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v.*

*Parker*, 104 F.3d 765, 768 (5th Cir.1997).

As previously noted, absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal *habeas corpus* relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir.1985).

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 14, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE